**ANDERSEN & BEEDE**
Michael N. Beede, Esq.
Nevada Bar No. 13068
Email: *mike@aandblaw.com*
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Email: *ryan@aandblaw.com*
3199 E Warm Springs Rd, Suite 400
Las Vegas, NV 89120
Phone: (702) 522-1992
Fax: (702) 825-2824

*Counsel for Robert E. Atkinson, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>HEATH ROBERT WILLS and PATRICIA ANNE WILLS,<br><br>Debtors. | Case No.: 23-13680-MKN<br>Chapter 7 |
| ROBERT E. ATKINSON, in his capacity as Trustee of the Bankruptcy Estate of HEATH ROBERT WILLS and PATRICIA ANNE WILLS,<br><br>Plaintiff,<br>v.<br><br>ERIC BOYER; DOE DEFENDANTS I through X; and ROE CORPORATIONS XI through XX,<br><br>Defendants. | Adv. No.:<br><br>**ADVERSARY COMPLAINT** |

ROBERT E. ATKINSON, in his capacity as Chapter 7 trustee of the bankruptcy estate of Heath Robert Wills and Patricia Anne Wills ("Debtors"), by and through his counsel, respectfully submits this adversary complaint against the above-captioned defendant, and specifically alleges as follows:

## I. JURISDICTION AND VENUE

1. This adversary proceeding arises out of, and is related to, the Chapter 7 bankruptcy case styled *In re*: HEATH ROBERT WILLS and PATRICIA ANNE WILLS, Nevada bankruptcy case no. 23-13680-MKN (the "Bankruptcy Case").

2. This proceeding is brought pursuant to Fed. R. Bankr. P. 7001.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

4. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E), because this Complaint is brought directly in the course of administration of the assets of the estate, and because it is a proceeding for turnover of property of the estate.

5. If this adversary proceeding is determined to be noncore, or if this adversary proceeding is a core proceeding under 28 U.S.C. § 157(b) but may not, as a constitutional matter, be adjudicated as such, the Trustee consents to the entry of final orders or judgments by the bankruptcy judge.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

## II. PARTIES

7. Plaintiff ROBERT E. ATKINSON ("Trustee" or "Plaintiff") is the Chapter 7 trustee of the bankruptcy estate of Debtors created by the filing of the Bankruptcy Case ("Bankruptcy Estate").

8. Defendant ERIC BOYER ("Defendant") is an individual residing in Nevada.

9. The true names and capacities of DOE DEFENDANTS I through X, inclusive, are unknown to Plaintiffs, who therefore sues such Defendants by these fictitious names. Plaintiffs are informed and believe that each Defendant is responsible in some manner for the events and happenings referred to, and damages caused thereby to Plaintiffs as alleged herein. Plaintiffs will ask leave of this Court to amend his Complaint to insert true names and capacities when such Defendants have been ascertained to join such Defendants in this action.

10. The true names and capacities of ROE CORPORATIONS XI through XX, inclusive, are unknown to Plaintiffs, who therefore sue such Defendants by these fictitious names. Plaintiffs are informed and believe that each Defendant is responsible in some manner for the events and happenings referred to, and damages caused thereby to Plaintiffs as alleged herein. Plaintiffs will ask leave of this

Court to amend their Complaint to insert true names and capacities when such Defendants have been ascertained to join such Defendants in this action.

### III. FACTUAL ALLEGATIONS

11. Plaintiffs hereby incorporate by reference each of the preceding paragraphs in this Complaint as if fully set forth herein.

12. HEATH ROBERT WILLS and PATRICIA ANNE WILLS are Chapter 7 debtors in the above-captioned bankruptcy case and are proper persons domiciled in Nevada.

13. This action relates to the ownership and title to that certain residential real property located in Clark County, Nevada commonly known as 9365 BENEDICT DR, LAS VEGAS, NV, 89161, bearing Clark County Assessor's Parcel Number 174-20-301-011 (the "Real Property"), and more particularly described as:

> THAT PORTION OF THE NORTHWEST QUARTER (NW) OF THE SOUTHWEST QUARTER {SW 1/4) OF SECTION 20, TOWNSHIP 22 SOUTH, RANGE 58 EAST, M.D.B. AND M., MORE PARTICULARLY DESCRIBED AS FOLLOWS:
>
> PARCEL 3 AS SHOWN BY MAP THEREOF ON FILE IN FILE 6 OF PARCEL MAPS, PAGE 35 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

14. Debtor, Patricia A. Wills is the Managing Member of GDR Properties, LLC, a Wyoming Limited Liability Company ("GDR").

15. On or about August 29, 2022, the Real Property was conveyed by non-parties Kenneth Bruce Jones and Laura A. Jones to GDR and Defendant, Eric Boyer as tenants in common by virtue of a deed recorded as Clark County Recorder's instrument number 20220829-0000259 (the "August 29, 2022 Transfer"). Under the August 29, 2022 Transfer, GDR was purported to receive an undivided 80% interest in the Real Property, whereas Defendant Boyer was purported to receive an undivided 20% interest in the Real Property.

16. Upon information and belief, Patricia Wills paid all or substantially all of the out-of-pocket cost of purchase price for the August 29, 2022 transfer.

17. Specifically, Patricia Wills paid the $25,000 earnest money deposit through a cashier's check issued in her name by One Nevada Credit Union, bearing check number 0000956150 and dated August 9, 2022.

18. While the acquisition of the Real Property was partially financed through a loan in the amount of $950,000, an additional $457,571.83 above and beyond the $25,000 earnest money deposit was required to close the transaction for the purchase of the Real Property.

19. In order to complete this transaction, Patrricia Wills caused $457,571.83 to be sent from her personal account at One Nevada Credit Union to Ticor Title on or about August 26, 2022 via a wire transfer.

20. A total of $1,432,071.83 was required to close the sale for the purchase of the Real Property, of which $950,000 was paid from loan proceeds and the balance of $482,571.83 was paid by Patricia Wills personally.

21. Defendant advanced no funds whatsoever for the purchase of the Real Property.

22. Therefore, Patricia Wills was the true owner of the Real Property as of the date that the Bankruptcy Case was filed, and any ownership interest claimed by Defendant or GDR is a mere artifice to disguise the true ownership of the Real Property by Patricia Wills.

23. On or about October 31, 2022, the Real Property was conveyed by Defendant Boyer and GDR solely to Boyer by virtue of a deed recorded as Clark County Recorder's Instrument Number 20221031-0001770.

24. Upon information and belief, Boyer did not pay reasonably equivalent value to Patricia Wills for the undivided 80% interest in the Real Property.

25. Upon information and belief, Patricia Wills actions following the acquisition of the Real Property are consistent with her ownership of the Real Property, including by paying substantial funds for the maintenance and improvement of the Real Property and even directly paying certain of the loan payments secured by the Real Property.

26. On or about December 20, 2023, Defendant Eric Boyer entered into an agreement to sell the Real Property, and the Real Property was listed as being under contract on the Nevada Multiple Listing Service.

### IV. FIRST CAUSE OF ACTION
### (Declaratory Relief and Quiet Title Pursuant to NRS 30.010, et. Seq., NRS 40.010, 28 U.S.C. § 2201, and Bankruptcy Rule 7001(9))

27. Plaintiff repeats and re-alleges all of the above allegations, and thereby incorporates the same as if set forth herein.

28. Pursuant to 11 U.S.C. § 541(a), on the commencement of the Bankruptcy Case, all legal and equitable interests of the Debtors in property became the property of the Bankruptcy Estate.

29. The Real Property is property of the Bankruptcy Estate under 11 U.S.C. § 541(a).

30. Pursuant to NRS 30.030, et seq. and NRS 40.010, this Court has the power and authority to declare Plaintiffs' rights and interests in the Real Property and to resolve the Parties' adverse claims to the Real Property.

31. The Bankruptcy Estate is the true and rightful owner of the Real Property.

32. The Real Property has significant non-exempt equity, making this controversy vital to the Bankruptcy Case and further making this issue ripe for judicial determination.

33. Trustee is entitled to a declaratory judgment from this Court finding that Trustee owns the Real Property in fee simple, free and clear of any interest in the Real Property claimed by Defendant, Eric Boyer and/or any interest claimed by any of the ROE or DOE defendants.

### V. SECOND CLAIM FOR RELIEF
### (Preliminary and Permanent Injunction against Defendant, ERIC BOYER)

34. Plaintiff incorporates each and every of the preceding paragraphs as if fully set forth herein.

34. On or about December 20, 2023, Defendant Eric Boyer entered into an agreement to sell the Real Property and the Real Property was listed as being under contract on the Nevada Multiple Listing Service.

35. As more fully described in the foregoing paragraphs, the Real Property is property of the estate, and therefore Defendant Boyer is prohibited from attempting to sell the Property.

36. If the sale is allowed to proceed, the estate will be dispossessed of the real property and will suffer irreparable harm for which compensatory damages are inadequate.

37. If the sale is allowed to proceed, any purchaser of the Property will inevitably be harmed by virtue of the wrongful sale.

38. Plaintiffs are entitled to a preliminary injunction and permanent injunction prohibiting Defendants from attempting to complete any sale of the Property or otherwise attempting to transfer title to the Property thereunder to protect the status quo.

**WHEREFORE**, Plaintiff prays for judgment, in favor of Plaintiff and against Defendant, Eric Boyer and each ROE and DOE Defendant as follows:

1. A declaration from this Court that Bankruptcy Estate owns the Real Property in fee simple, free and clear of any interest in the Real Property claimed by the Defendants.

2. A preliminary and permanent injunction against Defendants enjoining any sale or transfer of the Real Property.

3. An award of attorneys' fees and costs.

4. Such other and further relief as the Court deems just and proper.

DATED: December 21, 2023

**ANDERSEN & BEEDE**

By: /s/ Ryan A. Andersen
Michael N. Beede, Esq.
Nevada Bar No. 13068
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
3199 E Warm Springs Rd, Suite 400
Las Vegas, NV 89120

*Attorney for Robert E. Atkinson, Trustee*